UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

KEITH CHATMAN,

      Plaintiff,

vs.

CASE NO.:

3:17-cv-125-J-20PDB

WRIGHT NATIONAL FLOOD
INSURANCE COMPANY,

      Defendant.

_____/

## COMPLAINT

Plaintiff, Keith Chatman, by and through the undersigned attorney, files this Complaint against Defendant, Wright National Flood Insurance Company ("Wright"), and alleges as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 4072 (2014) because this matter involves a contract of insurance that was issued pursuant to the National Flood Insurance Act of 1968.

2.      Venue of this action is proper in the United States District Court for the Middle District of Florida, Jacksonville Division, pursuant to 28 U.S.C. § 1391(b), 28 U.S.C. § 1391(c), and 42 U.S.C. § 4072 (2014).

3.      At all times material, Plaintiff owned property located at 8034 Lorain Street, Jacksonville, Duval County, Florida.

4.      Wright is a foreign for-profit private insurance corporation, authorized, licensed, and

registered to issue flood insurance contracts in Jacksonville, Duval County, Florida.

5.      Wright is a "Write Your Own" ("WYO") insurance company meaning that it is a private insurer authorized by the Federal Emergency Management Agency ("FEMA") to provide standard flood insurance policies in its own name.

6.      Federal Code of Regulations 42 C.F.R. 62.23 permits Plaintiff to initiate this action against the WYO insurance company directly in place of the Director of FEMA.

### General Allegations

7.      Wright, pursuant to the National Flood Insurance Program, issued a standard flood insurance policy to the Plaintiff with effective dates of coverage from March 19, 2016 to March 19, 2017 (hereinafter referred to as the "insurance policy"). The insurance policy bears policy number 09 1151319620 00. A true and correct copy of the declaration sheet is attached hereto as Exhibit "1".

8.      Wright charged and collected a premium for the issuance of the insurance policy.

9.      The policy, subject to its terms, conditions and, exclusions, provided insurance coverage for damage to Plaintiff's building caused by an unusual and rapid accumulation or runoff of surface waters from any source (definition of "flood").

10.     On October 7, 2016, Jacksonville, Duval County, Florida experienced a torrential rain resulting in over six (6) inches of rainfall in a short period of time. Plaintiff's building experienced a significant velocity of water flowing through it from north to south. Plaintiff's building was also entirely flooded.

11.     As a result of the torrential rain, Plaintiff's property located at 8034 Lorain Street, Jacksonville, Duval County, Florida, as defined in the policy, sustained structural flood damage as well as non-structural damage to the interior and exterior of Plaintiff's building, all of the which

required repair and/or replacement.

12.    The damage to Plaintiff's building that was caused by the torrential rain event on October 7, 2016 is a covered loss under the insurance policy.

13.    On December 22, 2016, Plaintiff submitted a Proof of Loss to Defendant setting forth a net claim amount of $124,509.28.

14.    On December 27, 2016, Wright issued a Partial Denial denying portions of Plaintiff's flood claim.

15.    Wright confirmed that the gross loss (RCV) to Plaintiff's building amounted to $6,835.05 and $1,179.34 for Plaintiff's detached garage.  Following deduction for depreciation, Wright issued payments to Plaintiff in the amount of $5,503.29 and $1,097.43.  Plaintiff contends that the tendered amounts are inadequate to compensate Plaintiff for its covered flood loss to the insured building.

16.    Wright has failed to compensate Plaintiff for covered structural damage to Plaintiff's insured building.

17.    Plaintiff has met all conditions precedent to bringing this action.

## COUNT I
## BREACH OF CONTRACT

18.    Plaintiff realleges and incorporates paragraphs 1 through 17 above as if fully set forth herein.

19.    This is an action for damages as a result of a breach of an insurance contract.

20.    Defendant materially breached the insurance contract by failing to pay for certain losses incurred by Plaintiff as a direct result of a peril covered under the policy.

21.    Plaintiff has been damaged by Wright in that Wright has failed to reimburse Plaintiff for his monetary losses which are covered by the insurance policy.

3

22.     Plaintiff has hired the undersigned law firm to pursue his flood claim and is obligated to pay the firm a reasonable fee for its legal services.

23.     Plaintiff is entitled to recover his attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(b) to the extent Wright is an agency of the United States of America.

WHEREFORE, Plaintiff respectfully requests this Court enter a final judgment in its favor awarding monetary damages, including but not limited to, pre-judgment interest, post-judgment interest, attorneys' fees, and taxable litigation costs.

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted, ,

**DAVID LOW & ASSOCIATES, P.A.**
2101 West Commercial Boulevard, Suite 2800
Fort Lauderdale, Florida 33309
Tel.: (305) 935-8986
Fax: (305) 675-2685
E-Service Email: eservice@davidlowpa.com
Non-Service Email: monique@davidlowpa.com

By: /s/ Monique A. Low
        **MONIQUE A. LOW, ESQ.**
        Florida Bar No.: 104376
        DAVID LOW, ESQ.
        Florida Bar No.: 67957
        DEREK B. HENDRICKS, ESQ.
        Florida Bar No.:48979
        Counsel for Plaintiff